**AFFIRMED as MODIFIED and Opinion Filed April 5, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00261-CR**

**No. 05-23-00286-CR**

**ALTON TYRONE MARSHALL, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 219-84004-2022 and 219-84005-2022**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Smith

Appellant Alton Tyrone Marshall, Jr. was convicted by a jury for two counts of aggravated robbery against Demarcus Sheppard and Holly Spearman. *See* TEX. PENAL CODE ANN. § 29.03(a)(2). The jury assessed punishment at thirty-five years' confinement for each count, and the trial court ordered the sentences to run concurrently. In two issues, appellant argues he did not receive a fair trial and his convictions should be reversed because (1) the trial court erred by admitting unnecessarily cumulative evidence and evidence of an uncharged offense and (2) the

trial court erred by not instructing the jury to consider the lesser-included offense of burglary of a vehicle. In a cross-point, the State contends that the judgments should be modified to reflect that the trial court ordered the sentences to run concurrently. Because we conclude that the trial court did not err in admitting the challenged evidence or in charging the jury, we affirm as modified herein.

## Factual and Procedural Background

On September 26, 2021, Sheppard and his wife, Spearman, were out celebrating his birthday with friends. When they returned home and pulled into the parking garage of their apartment, they realized that a man (later identified as appellant) was sitting in another one of their vehicles stealing their things. According to Sheppard, he got out of his truck and approached the car. As he did, appellant opened the car door and stepped out. Appellant was continuing to stuff Sheppard's things into a bag and, as Sheppard got closer, appellant reached into the bag and pulled out a gun. Sheppard had a license to carry and pulled his firearm in response; he believed appellant was threatening his life. Spearman testified that she thought her life was in danger and she could have died that day; she felt helpless.

The two men stared at each other for a moment and then appellant ran down the parking garage staircase. Sheppard tried to chase after him while also calling 9-1-1, but he lost him. Sheppard told the 9-1-1 operator that a black male pulled a gun

on him and his wife. He repeatedly stated that the man had a gun. Sheppard reported that the man was wearing a blue hat, blue shirt, and white leggings. At trial, he described the gun as being "[s]hort, little, small, silver, black handle, I think a 9 millimeter, maybe a .40. Looked like a little Smith & Wesson." Police arrived and set a perimeter to try and contain appellant. Through security footage, police were able to locate appellant and arrest him. He was seen on the security footage carrying two black bags, and the bags were found about ten to twenty feet away from him. Appellant denied that the bags were his. Appellant had also changed clothes since the time of the offense, but the clothes matching Sheppard's description of appellant were in one of the black bags. The bags also contained a handgun, appellant's wallet with identifying information, and items that were stolen from Sheppard's car, as well as from at least one other individual's car.

Appellant testified and admitted that he burglarized cars that night. He was trying to figure out a way home to Mesquite from Plano after the bus he planned on taking did not come and his sister and cousin did not respond to his messages about needing a ride. Appellant denied pulling a gun on Sheppard and Spearman and testified that Sheppard got out of his truck holding a gun and walking toward him. Sheppard never pointed the gun at him, and he never pointed his gun at Sheppard. Appellant explained that, when he was in the car, he had the gun on his hip, but it

fell off when he was getting out of the car, so he had to grab the gun and put it in the bag.

The jury found appellant guilty of two counts of aggravated robbery and assessed his punishment at confinement for a term of thirty years for each count. This appeal followed.

## Admission of Evidence

In his first issue, appellant argues that the trial court erred in admitting unnecessarily cumulative evidence and evidence of an uncharged offense when the prejudicial effect of that evidence far exceeded any probative value. Specifically, he challenges the trial court's admission of Audrea Terry's testimony to show the connection between what appellant was wearing when he was found and him being in the garage stealing from another vehicle earlier in the night. Appellant argues that whether he stole something from another vehicle was irrelevant to the issues at trial and extremely and unduly prejudicial. He further asserts Terry's testimony was of limited, if any, probative value when the security footage already established appellant was in the garage.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We reverse a trial court's ruling only if it is outside the "zone

of reasonable disagreement." *Id.* If a trial court's decision is correct under any theory of law applicable to the case, we will uphold it. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

At trial, appellant objected to the State calling Terry as a witness and asked the trial court to perform a balancing test under Rule 403. Specifically, defense counsel argued that adding testimony regarding another offense, when the State was already seeking conviction on two first-degree felony offenses, would inflame the jury even more. Appellant also argued that Terry's testimony was cumulative and redundant, as the identity of the suspect was "pretty clear," and Terry's testimony would thus just confuse the jury.

The trial court overruled appellant's 403 objection, finding that appellant's defense on the video of "those were not my bags" could be misleading. Based on the Rule 404(b) exception regarding identity, the trial court allowed limited testimony that the shirt appellant was found wearing and the bags found near appellant were Terry's and had been stolen the same night.

Pursuant to the trial court's instructions, Terry testified that, on September 26, 2021, several things were stolen out of his vehicle, including a United States Postal Service shirt, which is where he worked, and two black bags. Terry identified the shirt appellant was found wearing and the bags found near appellant as items missing

–5–

from his car.  Terry did not identify appellant as the person who stole the items from his vehicle; he had no knowledge of who stole the items.

Rule 403 provides that the trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.  TEX. R. EVID. 403.  We evaluate the following four factors when conducting a rule 403 analysis: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence.  *State v. Mechler*, 153 S.W3d 435, 440 (Tex. Crim. App. 2005); *Montgomery*, 810 S.W.2d at 389–90.  In doing so, we balance the inherent probative force of the evidence with the proponent's need for the evidence against any tendency of the evidence to suggest a decision on an improper basis, to confuse or distract the jury from the main issues of the case, or to be given undue weight, and against the likelihood that the presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.  *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).  This balancing test "is always slanted toward admission, not exclusion, of otherwise relevant evidence."  *De La Paz*, 279 S.W.3d at 343.

Here, the evidence was corroborative, not cumulative. In the officers' body camera footage presented to the jury, appellant repeatedly denied that the two black bags found near him were his. He also provided no explanation as to why or how he was wearing a United States Postal Service shirt when officers found him, when he was seen wearing a different outfit earlier in the night and denied working for the United States Postal Service. Terry's testimony explained where the black bags and the shirt came from and helped fill in the missing pieces from the video footage. *See Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972) (evidence defendant committed extraneous offense can be admissible to show context in which charged criminal act occurred because "events do not occur in a vacuum and [] the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence"). Thus, Terry's testimony was not only probative to show identity, it was also probative to show how appellant came into possession of the black bags and explain the full story of the night in question.

Additionally, although appellant later testified and admitted that he stole the items, at the time of the State's case-in-chief, appellant had denied that the bags were in his possession. Thus, the State had a need to explain the origin of the bags and the shirt during its case.

As to whether Terry's testimony had the potential to impress the jury in some irrational, yet indelible way, we conclude that it did not. Although Terry's testimony showed that appellant stole other items from another person's car before the incident with Sheppard and Spearman occurred, such offense was less severe than the two-counts of aggravated robbery, the details of which Sheppard and Spearman had already testified. Thus, Terry's testimony did not have the potential to cause the jury to reach its decision on a moral or emotional basis rather than as a reasoned response to the relevant evidence regarding the aggravated robberies. *See Montgomery*, 810 S.W.2d at 395.

And lastly, Terry's direct testimony spanned only four pages, with his cross-examination adding only one additional page. Therefore, it consumed very little of the State's case.

We cannot conclude that the trial court abused its discretion in finding that the probative value of Terry's testimony was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. Appellant's first issue is overruled.

**Lesser-Included Offense**

At the charge conference, appellant requested that the jury also be instructed on burglary of a vehicle. The State responded that burglary of a vehicle was not a

–8–

natural lesser-included offense to aggravated robbery and robbery because it required proof of an additional element. The trial court denied appellant's request.

An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the charged offense; (2) it differs from the charged offense only in the respect that a less serious injury is required to prove its commission; (3) it differs from the charged offense only in the respect that a less culpable mental state is required to prove its commission; or (4) it consists of an attempt to commit the charged offense. TEX. CODE CRIM. PROC. ANN. art. 37.09. To determine under section 37.09(1) whether an offense is established by the same or less than all the facts required to prove the charged offense, we compare the elements of the greater offense as charged in the indictment with the elements of the lesser offense as set out in the relevant statute. *Hall v. State*, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007). Whether an offense is a lesser-included offense of the alleged offense is a question of law and does not depend on the evidence produced at trial. *Id.* at 535. If the offense is a lesser-included offense as a matter of law, we turn to the second step of the inquiry, which is whether there is some evidence adduced at trial to support an instruction. *Id.* at 535–36. That is, whether "there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Id.* at 536.

–9–

Here the indictments alleged that appellant "then and there, while in the course of committing theft of property and with intent to obtain and maintain control of the property, intentionally and knowingly threaten[ed] and place[d] Demarcus Sheppard [and Holly Spearman] in fear of imminent bodily injury and death, and the [appellant] did use and exhibit a deadly weapon, to wit: a firearm." In comparison, the statutory elements of burglary of a vehicle are: a person, without the effective consent of the owner, breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft. *See* TEX. PENAL CODE § 30.04.

As illustrated, aggravated robbery and burglary have unique elements. *Cf. Mendez v. State*, No. 03-04-00155-CR, 2005 WL 2094746, at *2 (Tex. App.—Austin Aug. 31, 2005, no pet.) (mem. op., not designated for publication) (concluding burglary of a vehicle and aggravated robbery were not based on the same conduct and were not the same offense for double jeopardy purposes; thus, the State was not barred from seeking prosecution for aggravated robbery after securing conviction for burglary); *Jones v. State*, Nos. 14-00-01229, 01231-CR, 2001 WL 1635764, at *4–5 (Tex. App.—Houston [14th Dist.] Dec. 20, 2001, no pet.) (not designated for publication) (explaining aggravated robbery was not continuation of burglary and, instead, the two were separate and distinct offenses for which appellant could be separately convicted). Aggravated robbery requires proof, as relevant to

the indictment here, that the defendant used or exhibited a deadly weapon and intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death, whereas burglary does not. *Compare* TEX. PENAL CODE §§ 29.02(a)(2) (robbery), 29.03(a)(2) (aggravated robbery) *with* TEX. PENAL CODE § 30.04(a) (burglary of a vehicle). More importantly, burglary requires proof that the defendant broke into or entered a vehicle without the effective consent of the owner, whereas aggravated robbery does not. *Compare* TEX. PENAL CODE § 30.04(a) (burglary of a vehicle) *with* TEX. PENAL CODE § 29.03 (aggravated robbery). Thus, although appellant's conduct on September 26, 2021, could have supported a *separate* charge of burglary of a vehicle, he was not entitled to an instruction on burglary as a lesser-included offense of the charged offense of aggravated robbery because burglary requires proof of additional facts than those required to prove aggravated robbery. *See Hall*, 225 S.W.3d at 531–32, 534–37 (explaining why looking at the evidence adduced at trial before first looking at the charging instrument leads to different results in a lesser-included analysis and is improper). Therefore, the trial court did not abuse its discretion in rejecting appellant's request for an instruction on burglary. We overrule appellant's second issue.

## Modification of Judgments

In a single cross-issue, the State requests this Court to modify the judgments to reflect that the trial court ordered appellant's sentences to run concurrently. We agree that the judgments should be modified as requested. We also conclude that the judgment in Cause No. 219-84005-2022 should be further modified to delete the duplicate costs assessed against appellant.

This Court has the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Here, the judgments provide, "THIS SENTENCE SHALL RUN: N/A." However, the trial court ordered the sentences to run concurrently. Therefore, we modify the judgment in Cause No. 219-84004-2022 to read, "THIS SENTENCE SHALL RUN: CONCURRENTLY WITH CAUSE NO. 219-84005-2022." *See, e.g.*, *Hamilton v. State*, Nos. 05-20-01119, 01120, 01121, 01122, 01123, 01124, 01125-CR, 2022 WL 2680611, at *2 (Tex. App.—Dallas July 12, 2022, no pet.) (mem. op., not designated for publication) (modifying judgments to show trial court's pronouncement that sentences shall run concurrently). And, we modify the judgment in Cause No. 219-

–12–

84005-2022 to read, "THIS SENTENCE SHALL RUN: CONCURRENTLY WITH CAUSE NO. 219-84004-2022."

We next turn to the issue of costs. The imposition of certain court costs is mandatory upon conviction and should be reflected in the judgment. *See* TEX. CODE CRIM. PROC. art. 42.16. However, when a defendant is convicted of two or more offenses or of multiple counts of the same offense in a "single criminal action," "the court may assess each court cost or fee only once against the defendant." *Id.* art. 102.073(a). "For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a 'single criminal action.'" *Shuler v. State*, 650 S.W.3d 683, 690 (Tex. App.—Dallas 2022, no pet.) (citing *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.)). Generally, the cost should be assessed in the case with the highest category offense but, when the convictions are for the same category of offense and the costs are the same, the costs should be assessed in the case with the lowest trial court cause number. *Shuler*, 650 S.W.3d at 690.

Here, the case with the lowest trial court cause number is Cause No. 219-84004-2022. The judgment in Cause No. 219-84004-2022 provides that appellant was assessed $365 in costs, and the bill of costs provides the following breakdown of the costs assessed:

Court Costs
      Clerk Fee: $40
      Court Technology Fund: $4
      Courthouse Security: $10
      Jury Trial: $1
      Records Management Fee - District Clerk: $25
      Specialty Court County Fee: $25

Reimbursement Fees
      Serving of a Writ Sheriff: $70
      Ticket or Arrest without Warrant: $5

State Fees
      Consolidated Court Costs - Felony: $185

The judgment in Cause No. 219-84005-2022 provides that appellant was assessed $400 in costs, and the bill of costs provides the same breakdown of costs assessed against appellant in Cause No. 219-84004-2022, except that the fee for "Serving of a Writ Sheriff" is increased from $70 to $105, thus increasing the total cost to $400.

Except for the Reimbursement Fees listed, the costs assessed against appellant in Cause No. 219-84005-2022 are duplicative of the costs assessed against him in Cause No. 219-84004-2022. Article 102.011 authorizes reimbursement fees for certain services performed by peace officers. *See* TEX. CODE CRIM. PROC. art. 102.011. One such fee is a $5 ticket or arrest without a warrant fee, which shall be assessed in each case in which there is an arrest, "regardless of whether the defendant was also arrested at the same time for another offense, and shall be assessed for each

–14–

arrest made of a defendant arising out of the offense for which the defendant has been convicted." *Id.* art. 102.011(a)(1), (e); *see also Jones v. State*, Nos. 05-22-00328, 00329, 00330, 00331-CR, 2023 WL 6567781, at *4 (Tex. App.—Dallas Oct. 10, 2023, no pet.) (mem. op., not designated for publication) (concluding Sheriff's Fee assessed under former section 102.011 was not duplicative); *Wilson v. State*, Nos. 05-22-00452, 00453-CR, 2023 WL 4758470, at *1–2 (Tex. App.—Dallas July 26, 2023, pet. ref'd) (mem. op., not designated for publication) (concluding reimbursement fee under section 102.011 for arrest was not duplicative: "the plain language of the statute requires assessment of the arrest fee for each conviction as well as assessment of an arrest fee for each arrest"). Thus, the $5 fee for "Ticket or Arrest without Warrant" is not duplicative and was properly assessed against appellant in each cause number.

Article 102.011 also authorizes a $35 fee for serving a writ not otherwise listed. TEX. CODE CRIM. PROC. art. 102.011(a)(4). Like the arrest fee, we conclude that the fee may be assessed for each service. Here, in both cases, the clerk's record shows that the sheriff served appellant with the indictment and two subsequent reindictments, thus justifying up to a $105 fee in each case. Thus, the fee for "Serving of a Writ Sheriff" was also not duplicative and was properly assessed against appellant in each cause number.

–15–

Because the remaining costs assessed against appellant in Cause No. 219-84005-2022 are duplicative of the costs assessed against appellant in Cause No. 219-84004-2022, we delete them. Therefore, "Court Costs: $400" in the judgment in Cause No. 219-84005-2022 is modified to read, "Court Costs: $110." We further modify the bill of costs in Cause No. 219-84005-2022 to read:

Reimbursement Fees
    Serving of a Writ Sheriff: $105
    Ticket or Arrest without Warrant: $5

Total: $110

## Conclusion

As modified, we affirm the judgments of conviction. The trial court is directed to prepare a corrected judgment in Cause Nos. 219-84004-2022 and 219-84005-2022 and a corrected bill of costs in Cause No. 219-84005-2022 that reflect the modifications made in this Court's opinion and judgments. *See Shumate v. State*, 649 S.W.3d 240, 245–46 (Tex. App.—Dallas 2021, no pet.).


/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230261F.U05

–16–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ALTON TYRONE MARSHALL, JR., Appellant

No. 05-23-00261-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 219-84004-2022.
Opinion delivered by Justice Smith. Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"THIS SENTENCE SHALL RUN: N/A" is modified to read, "THIS SENTENCE SHALL RUN: CONCURRENTLY WITH CAUSE NO. 219-84005-2022."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment that reflects this modification.

Judgment entered this 5th day of April 2024.

–17–



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

ALTON TYRONE MARSHALL, JR., Appellant

No. 05-23-00286-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 219-84005-2022.
Opinion delivered by Justice Smith. Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- "THIS SENTENCE SHALL RUN: N/A" is modified to read, "THIS SENTENCE SHALL RUN: CONCURRENTLY WITH CAUSE NO. 219-84004-2022"; and

- "Court Costs: $400.00" is modified to read, "Court Costs: $110.00."

Additionally, the bill of costs is **MODIFIED** as follows:

- "Clerk Fee                              40.00" is deleted;

- "Court Technology Fund          4.00" is deleted;

- "Courthouse Security             10.00" is deleted;

- "Jury Trial                               1.00" is deleted;

- "Records Management Fee - District Clerk   25.00" is deleted;

- "Specialty Court County Fee                        25.00" is deleted;

- "Consolidated Court Costs - Felony            185.00" is deleted; and

- "Total                                                            400.00" is modified to read,
  "Total                                                            110.00."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment and bill of costs that reflect this modification.

Judgment entered this 5th day of April 2024.